FILED
MAY 11 2016
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

JAMES BARROW,

    Debtor.

Case No. 15-23408-C-7

Adv. Case No. 15-2143

MEGHAN McKEEHAN,
ASHLEY REMBULAT,

    Plaintiff(s),

v.

JAMES BARROW,

    Defendant.

**SUPPLEMENTAL FINDINGS AND CONCLUSIONS**

At the conclusion of trial, findings of fact and conclusions of law were rendered orally on the record pursuant to Federal Rule of Civil Procedure 52(a)(1) in this adversary proceeding to determine whether a judgment debt rendered in favor of the two plaintiffs should be excepted from discharge pursuant to 11 U.S.C. § 523(a).  Fed. R. Civ. P. 52(a)(1), incorporated by Fed. R. Bankr. P. 7052.  The judgment announced at the time of making the findings has not yet been entered.

These supplemental findings are sua sponte rendered by the court as permitted by Rule 52(b).  Fed. R. Civ. P. 52(b), incorporated by Fed. R. Bankr. P. 7052.

The underlying state-court money judgment for $35,000 in favor of the two individual plaintiffs in this adversary

proceeding – Meghan McKeehan and Ashley Rembulat – was entered by stipulation as a result of a mediated settlement reached before trial in state court.

Both plaintiffs were represented in the instant adversary proceeding by the same lawyer.

Plaintiff Meghan McKeehan did not attend the trial of this adversary proceeding. No evidence was proffered probative of the alleged conduct of Defendant James Barrow towards Ms. McKeehan during the trial. Hence, after the parties rested their respective cases, the action was dismissed as to Meghan McKeehan.

As to Plaintiff Ashley Rembulat, this court concluded that the conduct of the defendant qualified for exception from discharge pursuant to 11 U.S.C. § 523(a)(6).

That conclusion left the problem of identifying the debt that should be excepted from discharge. What was the amount of the judgment in favor of Plaintiff Ashley Rembulat?

The $35,000 state-court judgment was in favor of both Meghan McKeehan and Ashley Rembulat. It did not differentiate between them. It certainly was not two awards of $35,000. The two plaintiffs alleged separate acts by the defendant against them individually and in separate incidents, albeit that a hostile workplace could be assumed. As the $35,000 amount was achieved by way of a mediated settlement in which both plaintiffs were represented by the same lawyer, it follows that key details were omitted that one would expect to see in a judgment rendered by a court after trial or where the plaintiffs

had separate counsel.

It is plain that Plaintiff Ashley Rembulat is not entitled to appropriate the entire $35,000 to herself. There must have been some understanding among the plaintiffs and their single counsel to apportion the proceeds collected on the judgment. But the record was devoid of evidence regarding apportionment.

Plaintiffs' counsel could and should have anticipated the issue when Plaintiff Meghan McKeehan elected not to participate in the trial. Yet, rather than address the problem, counsel chose to finesse it by silence.

In the absence of evidence suggesting some other method, an allocation based on an even split among the state-court plaintiffs, i.e., 50% - 50%, is the logical solution.

Accordingly, the court finds, taking the entire record of trial into account, that the judgment debt of Defendant James Barrow to Plaintiff Ashley Rembulat is $17,500.

DATE: May 11, 2016

UNITED STATES BANKRUPTCY JUDGE

## INSTRUCTIONS TO CLERK OF COURT
## SERVICE LIST

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Joel Rapaport
260 Russell Blvd. Suite D-4
Davis, CA 95616

Nilesh Choudhary
4010 Foothills Blvd Suite 103
PM Box 221
Roseville, CA 95747

Nilesh Coudhary
915 Highland Point, Suite 250
Roseville, CA 95678

James Barrow
9105 Bruceville Road, Suite 7
Elk Grove, CA 95758

Sean Gavin
3947 Lennane Drive, Suite 120
Sacramento, CA 95834